**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR PEREZ-CUEVAS, | No. 16-72897 |
| Petitioner, | Agency No. A205-155-330 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021[**]

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

Hector Perez-Cuevas, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to remand

and dismissing his appeal from an immigration judge's ("IJ") decision denying his

applications for adjustment of status and withholding of removal. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law, including claims of due process violations in immigration proceedings.  *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).  We also review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020).  We deny the petition for review.

Perez-Cuevas does not challenge, and therefore abandons, any challenge to the BIA's denial of his motion to remand for clarification or correction of the IJ's decision.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

As to Perez-Cuevas's application for adjustment of status, the BIA did not err in concluding that his conviction under California Health & Safety Code ("CHSC") § 11377(a) is a controlled substance violation that renders him ineligible.  *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1255(a); *Coronado v. Holder*, 759 F.3d 977, 984-86 (9th Cir. 2014) (holding that CHSC § 11377(a) is divisible with regard to substance and concluding that "[w]here the minute order or other equally reliable document specifies that a defendant pleaded guilty to a particular count of a criminal complaint, the court may consider the facts alleged in the complaint."

16-72897

(internal citation omitted)). Although Perez-Cuevas contends the record is inconclusive as to the controlled substance, he does not benefit under this argument because it is his burden to establish his eligibility for adjustment of status. *See Pereida v. Wilkinson*, 141 S. Ct. 754, 766 (2021) (an applicant for relief from removal cannot establish eligibility where a conviction record is inconclusive as to which elements of a divisible statute formed the offense).

Perez-Cuevas's contentions the BIA erred in concluding the IJ did not violate his right to due process by cancelling a scheduled hearing and instead issuing a written decision fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice to prevail on a due process claim).

As to Perez-Cuevas's application for withholding of removal, the BIA did not err in concluding that he failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Perez-Cuevas contends the BIA erred in concluding the IJ did not violate his right to due process by cancelling a scheduled hearing and issuing a written

decision and that he was prejudiced by the BIA declining to consider sources referenced in his brief and concluding the sources were not submitted to or otherwise considered by the IJ.  These contentions fail because Perez-Cuevas did not establish prejudice.  *See Lata*, 204 F.3d at 1246 (9th Cir. 2000).

Thus, Perez-Cuevas's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**